U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

DEC 15 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ELLA HARMON AND CHANTEL SMITH | : | DOCKET NO. 2:07 CV 1990 |
| VS. | : | JUDGE MINALDI |
| STATE FARM FIRE & CASUALTY COMPANY | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a Motion For Partial Summary Judgment, [doc. 16], filed by the defendant, State Farm Fire and Casualty Company (hereinafter "State Farm"). The plaintiffs, Ella Harmon and Chantel Smith, filed an Opposition [doc. 20]. State Farm filed a Reply [doc. 22].

## FACTS

State Farm issued the plaintiffs a homeowner's insurance policy that was in effect when Hurricane Rita struck. State Farm paid the plaintiffs $17,218.65 for damage incurred as a result of the hurricane.[1] The last payment State Farm issued was on November 16, 2005.[2]

On September 24, 2007, the plaintiffs filed suit alleging that "the amount of State Farm's adjustment gave Plaintiffs no opportunity to conduct all the needed repairs caused by the storm."[3] Specifically, the plaintiffs allege that State Farm had "satisfactory proof of loss upon its initial inspection of the premises, yet unreasonably withheld an accurate...accounting of the full extent of

---

[1] Def.'s Ex. B (Phillips Aff.)

[2] *Id.*

[3] Compl. [doc. 1-1].

1

damages caused by the storm."[4] The plaintiffs further allege that State Farm failed to make a written offer to settle within thirty (30) days of receiving satisfactory proof of loss.[5]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the file, including the opposing party's affidavits, demonstrates that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The movant bears the initial burden for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that demonstrate the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). If the movant fails to meet this burden, the court must deny the motion. *Id.*

If the movant, however, satisfies this burden, the nonmoving party must then "designate specific facts showing that there is a genuine issue for trial." *Id.* In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Ultimately, a grant of summary judgment is warranted when the record as a whole "could not lead a rational finder of fact to find for the non-moving party..." *Id.*

## LAW

Under La. Rev. Stat. Ann. § 22:658, a cause of action accrues when the insurer allegedly failed to make payment on an insured's property damage claim thirty days after receiving a

---

[4] *Id.*

[5] *Id.*

satisfactory proof of loss. After Hurricane Katrina, the Louisiana legislature amended La. Rev. Stat. Ann. § 22:658 twice by "substituting the words 'fifty percent' for 'twenty-five percent' and added 'as well as reasonable attorney fees and costs....'" *Sher v. Lafayette Ins. Co.*, 988 So.2d 186, 199 (La. 2008). This amendment became effective on August 15, 2006. *Id.* It is well-established that the 2006 amendments are not retroactive. *See id; see also Broussard v. State Farm Fire & Cas. Ins. Co.*, 06-8084, 2007 WL 2264535, *8 (E.D. La. 08/02/07) (finding the pre-amendment amount applied because, based on the plaintiffs' representation that they had submitted proof of loss "long before" filing suit on August 28, 2006, the fifty percent penalty provision was not enacted until after the insurer allegedly violated the statute).

In *Sher*, the Louisiana Supreme Court articulated two situations in which the insured's claim could arise after the effective date. First, if the plaintiff did not make satisfactory proof of loss prior to the amendment of La. Rev. Stat. Ann. § 22:658, the petition for damages can serve as satisfactory proof, which triggers the thirty-day period. *Sher*, 988 So.2d at 199. Second,

> [B]ecause the duty is a continuing one, had plaintiff made satisfactory proof of loss prior to the amendment and had [the insurer] paid that claim, and had plaintiff discovered new damage and made satisfactory proof which [the insurer] failed to pay within the time period contained in the statute, but after the amendment became effective, [the insurer] could have been subject to the penalties contained in the amendment because the claim would have arisen after the effective date of the amendment.

*Id.*

## ANALYSIS

State Farm moves for a partial summary judgment ruling that the plaintiffs may not recover attorney's fees and a fifty percent penalty pursuant to the amended version of La. Rev. Stat. Ann. §

22:658, which took effect August 15, 2006. State Farm maintains that because it issued the final payment on November 16, 2005, which is the basis of the plaintiffs' bad faith claim, the pre-amended version of La. Rev. Stat. Ann. § 22:658 applies. Although neither party identifies when State Farm initially inspected the premises, State Farm's inspection occurred sometime before State Farm issued its last payment on November 16, 2005, which is well before the August 15, 2006 amendments became effective. The initial proof of loss clearly cannot trigger the amended version of La. Rev. Stat. Ann. § 22:658 because the claim arose before the amendments took effect. This Court finds that State Farm has met its summary judgment burden of demonstrating that the plaintiffs may only recover under the pre-August 15, 2006 version of La. Rev. Stat. Ann. § 22:658, and the burden now shifts to the plaintiffs to designate specific facts that would demonstrate a genuine issue of fact for trial on which version of La. Rev. Stat. Ann. § 22:658 applies.

The only way the amended version of § 22:658 applies in this case is if the plaintiffs discovered new damage and made satisfactory proof of loss, which State Farm failed to pay within the time period contained in the statute, but after the amendment became effective, such that a portion of the claim arose after the amendments became effective. A claim arises when the plaintiff first makes proof of loss, and a later post-enactment filing for the same loss does not make the 2006 amendments applicable to a pre-enactment claim. *See Gaffney v. State Farm Fire & Cas. Co.*, 06-8143, 2008 WL 4656916, *3 (E.D. La. 10/21/08). For the plaintiffs to avail themselves of *Sher*'s second exception, they would have to present competent summary judgment evidence that their post-amendment claims are for newly-discovered damage. *See id.*

In their two-page opposition, the plaintiffs state that State Farm hired an engineering firm, Rimkus, that reviewed the site on November 12, 2007 and issued a report on December 4, 2007. The

plaintiffs argue that because "Rimkus apparently failed to review the report of June 21, 2006 prepared by the insureds' consulting engineer...there is a genuine issue of material fact whether the failure of Rimkus to review the Norman report, plus its findings based on new evidence presented to it in 2007, puts such actions under the new statute." As *Sher* articulates, had the plaintiffs discovered new damage and made satisfactory proof that State Farm failed to pay within the time period contained in § 22:658, but after the amendment became effective, State Farm could be subject to the penalties contained in the amendment because the claim would have "arisen after the effective date of the amendment." *See Sher*, 988 So.2d at 199. The plaintiffs do not present competent summary judgment evidence that they discovered new damage and made another satisfactory proof of loss that State Farm failed to pay within the time period contained in § 22:658, and after the amendment became effective. This Court therefore finds that the plaintiffs have not met their burden of designating specific facts that would demonstrate a genuine issue for trial on which version of § 22:658 applies; accordingly,[6]

IT IS ORDERED that State Farm's Motion For Partial Summary Judgment [doc. 16] is hereby GRANTED.

Lake Charles, Louisiana, this __13__ day of __Nov__, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[6] State Farm also moves for summary judgment that the plaintiffs cannot recover attorney's fees pursuant to La. Rev. Stat. Ann. § 22:1220. It is well-established that § 22:1220 does not permit recovery of attorney's fees. La. Rev. Stat. Ann. § 22:1220; *see also Paulsen v. State Farm Ins. Co.*, 06-9546, 2008 WL 239785, * 3 (E.D. La. 1/29/08).